UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| CRISTELA VALENCIA, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:13-cv-922 |
| ) | |
| v. ) | Honorable Janet T. Neff |
| ) | |
| COMMISSIONER OF ) | **REPORT AND RECOMMENDATION** |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

This is a social security action brought *pro se* by Cristella Valencia. In 2006 and 2009, the Commissioner held that plaintiff was not entitled to disability insurance benefits (DIB) because she was not disabled during the period from November 4, 1999, through December 31, 2004, her date last disability insured. Last year, plaintiff filed a third application for DIB benefits, again claiming disability during the period from November 4, 1999, through December 31, 2004. On April 12, 2013, the Commissioner refused to reopen the earlier administrative decisions, dismissed plaintiff's request for a hearing, and dismissed her claim for DIB benefits. Plaintiff seeks judicial review of the Commissioner's decision under 42 U.S.C. § 405(g).

On November 15, 2013, defendant filed a Rule 12(b)(1) motion seeking dismissal of plaintiff's complaint for lack of subject-matter jurisdiction. (docket # 6). On November 19, 2013, the court entered an order advising plaintiff of her opportunity to file a response to defendant's motion on or before December 10, 2013. The order stated that plaintiff's brief "should address why this matter should not be dismissed for lack of subject- matter jurisdiction in light of the Supreme

Court's decision in *Califano v. Sanders*, 430 U.S. 99, 107-09 (1977), and the Sixth Circuit's decisions in *Cottrell v. Sullivan*, 987 F.2d 342, 344-45 (6th Cir. 1992), and *Ingram v. Secretary of Health & Human Servs.*, 830 F.2d 67 (6th Cir. 1987)." (11/19/13 Order, docket # 9).

"The plaintiff bears the burden of establishing that jurisdiction exists." *Taylor v. KeyCorp*, 680 F.3d 609, 612 (6th Cir. 2012). Plaintiff did not carry her burden. She ignored defendant's motion. Further, the *Califano*, *Cottrell*, and *Ingram* decisions firmly establish that the court lacks subject-matter jurisdiction. The Commissioner's decision refusing to reopen the earlier administrative decisions, dismissing plaintiff's request for a hearing, and dismissing her claim for DIB benefits is not a final administrative decision subject to review under 42 U.S.C. § 405(g).

**Recommended Disposition**

I recommend that defendant's motion to dismiss (docket # 6) be granted and that plaintiff's complaint be dismissed for lack of subject-matter jurisdiction.

Dated: December 18, 2013  /s/ Joseph G. Scoville
United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).